UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SAMANTHA NICOLE TERRIEN,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 5:14-CV-381-MHH |
| **CAROLYN W. COLVIN,** <br> **Commissioner of the** <br> **Social Security Administration,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c), plaintiff Samantha Terrien seeks judicial review of a final adverse decision of the Commissioner of Social Security. The Commissioner affirmed the administrative law judge's denial of Ms. Terrien's claims for a period of disability and disability insurance benefits and supplemental security income. After careful review, the Court remands this case to the Commissioner for further proceedings consistent with this opinion.

## PROCEDURAL HISTORY

Ms. Terrien applied for a period of disability and disability insurance benefits on January 18, 2011. She applied for supplemental security income on March 4, 2011. (Doc. 5-6, pp. 2, 4). Ms. Terrien alleges that her disability began

on November 7, 2008. (Doc. 5-6, pp. 2, 4). The Commissioner initially denied Ms. Terrien's claims on June 2, 2011, and Ms. Terrien requested a hearing before an ALJ. (Doc. 5-5, pp. 11, 18). The ALJ issued an unfavorable decision on October 18, 2012. (Doc. 5-3, pp. 13-20). On January 31, 2014, the Appeals Council declined Ms. Terrien's request for review (Doc. 5-3, pp. 2-4), making the Commissioner's decision final and a proper candidate for this Court's judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c).

## STANDARD OF REVIEW

The scope of review in this matter is limited. "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [her] 'legal conclusions with close scrutiny.'" *Riggs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's findings. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In making this evaluation, the Court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal

quotations and citation omitted). If the ALJ's decision is supported by substantial evidence, the Court "must affirm even if the evidence preponderates against the Commissioner's findings." *Costigan v. Comm'r, Soc. Sec. Admin.*, 603 Fed. Appx. 783, 786 (11th Cir. 2015) (citing *Crawford*, 363 F.3d at 1158).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards. If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis, then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## SUMMARY OF THE ALJ'S DECISION

To determine whether a claimant has proven that she is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

In this case, the ALJ found that Ms. Terrien has not engaged in substantial gainful activity since November 7, 2008, the alleged onset date. (Doc. 5-3, p. 15). The ALJ determined that Ms. Terrien suffers from the following severe impairments: "history of irritable bowel syndrome (IBS), a history of a fractured right metacarpal status post right 5th metacarpal bone cyst removal and grafting, and a history of avulsion fracture at T10 in 2006." (Doc. 5-3, p. 15). The ALJ also determined that Ms. Terrien suffers from the non-severe mental impairment of depression. (Doc. 5-3, p. 17). Nevertheless, the ALJ concluded that Ms. Terrien does not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 5-3, p. 18). Next, the ALJ determined the following: Ms. Terrien has the RFC to "occasionally lift and/or carry up to 20 pounds and frequently lift and/or carry up to 10 pounds. [Ms. Terrien] can occasionally use her right dominant hand to perform fine manipulations. [Ms. Terrien] has no limitations in her abilities to perform gross manipulations." (Doc. 5-3, p. 19). Based on this RFC, the ALJ concluded that Ms. Terrien is capable of performing her past relevant work as a mortgage underwriter. (Doc. 5-3, p. 21). Accordingly, the ALJ determined that Ms. Terrien is not disabled as that term is defined in the Social Security Act. (Doc. 5-3, p. 22).

## ANALYSIS

Ms. Terrien argues that she is entitled to relief from the ALJ's decision because the ALJ erred in failing to identify Crohn's disease as a medically determinable impairment. The Court agrees.

When an ALJ identifies at least one severe impairment, the ALJ satisfies the threshold inquiry at step two of the five-step evaluation process. *See Packer v. Comm'r of Soc. Sec.*, 542 Fed. Appx. 890, 892 (11th Cir. 2013). Here, at step two, the ALJ found that Ms. Terrien suffers from three severe impairments including irritable bowel syndrome (IBS); however, the ALJ did not identify Crohn's disease as one of Ms. Terrien's severe impairments. The Social Security Regulations recognize Crohn's disease as an inflammatory bowel disease (IBD). 20 C.F.R § 404, Subpart P, Appendix 1, Listing 5.00(E)(1). The regulations provide: [r]emissions and exacerbations of variable duration are the hallmark of IBD. . . . Crohn's disease is rarely curable and recurrence may be a lifelong problem, even after surgical resection." *Id.*

The ALJ's failure to identify Crohn's disease as a medically determinable impairment at stage two is not harmless error, because the ALJ did not consider in the final stages of the five-step disability evaluation the symptoms and limitations that would result from Crohn's disease. *Compare Sanchez v. Comm'r of Soc. Sec.*, 507 Fed. Appx. 855, 859 (11th Cir. 2013) ("[E]ven if the ALJ erred by failing to

5

identify BPD as a severe limitation at step two, the ALJ properly considered the symptoms and limitations that would result from BPD at the latter stages of the five-step disability evaluation.").

The ALJ discounted the Crohn's diagnoses that appear in Ms. Terrien's medical records because the ALJ believed that those diagnoses were based only on Ms. Terrien's reports of Crohn's disease and not on objective medical evidence of Crohn's disease. (Doc. 5-3, p. 17, 20). Ms. Terrien's medical records contain test results that support her diagnosis of Crohn's disease. For example, on October 21, 2008, Dr. Amy Woods diagnosed Ms. Terrien with Crohn's disease based on x-rays that revealed abnormal loops on Ms. Terrien's small bowel. (Doc. 5-10, p. 31).[1] Dr. Woods noted that Ms. Terrien was experiencing a Crohn's flare, and Dr. Woods indicated that Ms. Terrrien would be out of work for six days. (Doc. 5-10, p. 31). On November 4, 2010, Ms. Terrien visited the emergency room at Crestwood Medical Center due to diarrhea, vomiting, and nausea. (Doc. 5-18, p. 40). Dr. Weston Welker diagnosed Ms. Terrien with Crohn's disease and hypokalemia.[2] (Doc. 5-18, p. 42). On July 29, 2011, Ms. Terrien visited the emergency room at Crestwood Medical Center. (Doc. 5-17, p. 55). Upon

---

[1] The regulations recognize "[i]nflamed loops of bowel" as a symptom and sign of IBD. 20 C.F.R. § 404, Subpart 4, Appendix 1, Listing 5.00(E)(2).

[2] The regulations recognize hypokalemia, nausea, and vomiting as symptoms and signs of IBD. 20 C.F.R. § 404, Subpart 4, Appendix 1, Listing 5.00(E)(2).

examination, Dr. John Bowman noted severe tenderness in Ms. Terrien's abdomen and diagnosed her with Crohn's disease. (Doc. 5-17, pp. 56-57).[3] The ALJ did not mention these positive Crohn's diagnoses in the discussion of the medical evidence, and she failed to account for these diagnoses in her analysis. (Doc. 5-3, pp. 15-17, 20-21). Therefore, the Court cannot determine whether substantial evidence supports the ALJ's decision. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (If the record viewed in its entirety indicates that the ALJ "focus[ed] upon one aspect of the evidence and ignor[ed] other parts of the record," then the reviewing court "cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").

By failing to find that Crohn's is a medically determinable impairment, the ALJ did not "meaningfully conduct an analysis of the effect of [Crohn's] on [Ms. Terrien's] ability to work." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001). No treating or examining physician has provided an opinion regarding how Ms. Terrien's Crohn's disease limits her ability to work. Therefore, the only evidence in the record regarding the limitations attributable to Ms. Terrien's Crohn's disease is her subjective testimony. Ms. Terrien testified

---

[3] The regulations recognize abdominal tenderness as a symptom and sign of IBD. 20 C.F.R. § 404, Subpart 4, Appendix 1, Listing 5.00(E)(2).

that she experiences a Crohn's flare 7 to 14 days a month.  (Doc. 5-3, p. 36). During a Crohn's flare, she must use the restroom 10 to 12 times a day.  During each of those visits, Ms. Terrien spends between 10 and 15 minutes to an hour in the restroom.  (Doc. 5-3, pp. 37-38).  Ms. Terrien also testified that after each flare, she must lie down for 30 to 45 minutes due to pain and dizziness.  (Doc. 5-3, p. 39).  The VE testified that these limitations would preclude all work.  (Doc. 5-3, pp. 69-70).

The ALJ discredited Ms. Terrien's testimony on this point in part because the ALJ found that "there is no definitive evidence of Crohn's disease."  (Doc. 5-3, p. 20).  But that is not the case.  As explained above, there is objective medical evidence of Crohn's disease in the record.  Therefore, remand is necessary because the "ALJ fail[ed] to consider properly [Ms. Terrien's] condition despite evidence in the record of the diagnosis." *Vega*, 265 F.3d at 1219.  On remand, the ALJ should reevaluate Ms. Terrien's RFC determination and Ms. Terrien's credibility in light of a Crohn's diagnosis supported by objective medical evidence. *See Lewen v. Comm'r of Soc. Sec.*, 605 Fed. Appx. 967, 968 (11th Cir. 2015) (the ALJ's decision should enable "the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole"); *Coven v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 949, 951 (11th Cir. 2010) ("Because a hearing before an

ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record.") (internal quotation marks and citation omitted).

## CONCLUSION

For the reasons discussed above, the Court cannot determine whether the ALJ's decision is supported by substantial evidence. Therefore, the Court will remand this action to the Commissioner for further administrative proceedings consistent with this opinion. The Court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 24, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE